UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JUAN AVENDANO

        Petitioner,

  -v-                                      No.  08 Civ. 2549 (LTS)(DCF)
                                            No.  02 Cr. 1059 (LTS)

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------x

## OPINION AND ORDER

On January 13, 2006, Petitioner Juan Avendano ("Petitioner") was sentenced, after a jury trial conducted before this Court, principally to 240 months imprisonment, to be followed by ten years of supervised release.  The judgment was appealed and affirmed, and the mandate was issued by the United States Court of Appeals for the Second Circuit on February 16, 2007.  Familiarity with the prior decisions is presumed.  On January 28, 2008, Petitioner filed this petition for relief pursuant to 28 U.S.C. § 2255, requesting that the Court appoint an attorney to represent him in prosecuting this proceeding, and vacate his sentence and conviction.  Petitioner asks that his conviction and resulting sentence be vacated on the basis that his trial counsel rendered ineffective assistance by: 1) failing to point out the discrepancy between the brand name of the stereo box used to carry the cocaine and the brand name mentioned in the DEA report; 2) failing to effectively cross-examine co-defendant Alex Dalmau ("Dalmau"); and 3) failing to demonstrate that the voice on the telephone recordings did not belong to Petitioner.  Petitioner also argues that his appellate counsel rendered ineffective assistance by failing to raise

the aforementioned issues on appeal.[1]  In addition, Petitioner argues that his conviction should be vacated on the grounds that: 4) the Government's filing of a prior felony information and a superseding indictment with enhanced charges arose from prosecutorial vindictiveness, and that appellate counsel rendered ineffective assistance by failing to raise the issue on appeal; 5) Petitioner was the victim of entrapment; and 6) Petitioner could not have been guilty of conspiracy because the persons with whom he formed agreements were cooperating with the Government at all relevant times.  He asserts that "an evidentiary hearing with a qualified attorney should be granted by this court, in which the petitioner may be able to demonstrate his complete innocence."  (Pet. at 16.)

The Court has considered thoroughly the parties' submissions as well as the trial and appellate record, the familiarity of which is presumed.  For the following reasons, the petition is denied in its entirety.[2]

## DISCUSSION

In order to prevail under 28 U.S.C. § 2255, a petitioner must show that 1) his sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum

---

[1] At trial, Petitioner was represented by John P. Cooney, Jr., Esq., of Davis, Polk & Wardwell.  On appeal, Petitioner was represented by Jeffrey Resetartis, Esq., and Tai H. Park, Esq., of Shearman & Sterling, LLP.

[2] Because a hearing is not necessary to resolve the issues presented and Petitioner's arguments are plainly unmeritorious, Petitioner's request for the appointment of counsel for the purposes of prosecuting his petition is denied.  See generally Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Rules Governing Section 2255 Cases in the United States District Courts, Rule 8.

authorized by law; or 4) the sentence is otherwise subject to collateral attack.  A claim that is raised in a § 2255 petition but was not presented on direct appeal is procedurally barred from consideration by the district court reviewing the § 2255 petition unless the petitioner establishes cause for failure to raise the issue on direct appeal and actual prejudice arising from the alleged violation or, in the alternative, actual innocence.  See Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007).  This rule, however, does not apply to ineffective assistance of counsel claims.  See id.

*Ineffective assistance of counsel claims*

Petitioner raises several claims of ineffective assistance of counsel in connection with trial counsel's trial strategies or his performance at trial, and with appellate counsel's failure to raise certain arguments on appeal.  A claim of ineffective assistance of counsel under the Sixth Amendment must satisfy the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984).  A petitioner must show: first, that counsel's performance fell below an objectively reasonable standard of performance, and second, that the deficient performance prejudiced the outcome of the proceeding.  See United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990).  Regarding the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007).  The Court must also bear in mind that "there are countless ways to provide effective assistance in any given case." Aguirre, 912 F.2d at 560 (citing Strickland, 466 U.S. at 689).  With respect to the second

prong, prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would have been different. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 694). A court need not address both prongs if a petitioner fails to make a sufficient showing on one. See Ordenes v. United States, No. 05 Civ. 8968(HB), 2007 WL 1766772, *10 (S.D.N.Y. June 9, 2007). The same standards apply to a claim that appellate counsel rendered ineffective assistance. See Mayo, 13 F.3d at 533. With respect to the performance prong in the appellate context, "it is not sufficient to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Id. (citing Jones v. Barnes, 463 U.S. 745 (1983)). A petitioner may establish constitutionally inadequate performance in the appellate context if he shows that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," id., where "failure to raise such issues fell outside the wide range of professionally competent assistance." Id. (citations and quotations omitted).

Petitioner faults trial counsel for failing to emphasize or argue that the brand name of the stereo box ("Pioneer") that was used to carry the cocaine and was subsequently seized by law enforcement, pictures of which were proffered by the Government at trial (see Govt. Ex. 7), did not match the brand name indicated in the DEA report ("Panasonic") (see Govt. Ex. 16).[3]

---

[3] Petitioner's stated ground for relief reads, "Ineffective assistan[ce] of counsel at trial and direct appeal, as evidence presented was full of discrepancies, exhibits contradicted each other . . . . See attached pages of this motion with corroborating evidence." (Pet. at 5.) Exhibit I to his petition is titled, "Discrepancy on the Evidence Investigative Report," and consists of exhibits proffered during trial

However, the Government introduced evidence that Petitioner was observed carrying the Pioneer box in which the cocaine was found, that it had his fingerprints on it, and that it was in his lap at the time of the arrest, and there was no evidence to the contrary. As trial counsel explained in a letter, a copy of which was attached to the petition itself as Exhibit IV, trial counsel declined to argue the discrepancy issue due to the weight of the aforementioned evidence proffered by the Government, and instead chose to argue that there was insufficient evidence to establish that Petitioner knew that the box contained cocaine, an explanation that is not unreasonable. Petitioner furthermore points to nothing in the record that would suggest any plausible theory favoring the Defendant and premised on the brand name discrepancy that was so obvious that trial counsel was unconstitutionally deficient for failing to pursue it.[4]  For these reasons, the Court finds that trial counsel's strategy was not objectively unreasonable and trial counsel did not render ineffective assistance by declining to press the brand name discrepancy issue.

        Petitioner argues that trial counsel failed effectively to cross-examine Dalmau, a cooperating Government witness, with respect to Dalmau's cooperation with the Government and his attendant incentives to testify against Petitioner, Dalmau's own indictment for committing a narcotics offense, and Dalmau's previous conviction of perjury. Trial counsel, in fact, conducted a thorough cross-examination precisely addressing the points Petitioner raises,

---

      indicating the "Pioneer" and "Panasonic" discrepancy in brand names. The Court therefore construes his stated ground for relief as an argument concerning the brand name discrepancy.

[4]    Moreover, a jury focusing on the DEA agent's misidentification of the brand name label could easily have concluded that the misidentification was inadvertent error, thereby weakening Petitioner's case and detracting attention from the stronger arguments pursued by trial counsel, discussed infra.

with an extensive focus on Dalmau's perjury conviction.  (See Tr. at 386-410.)  Therefore, Petitioner's argument is rejected to the extent Petitioner claims that counsel failed to conduct a cross-examination addressing those points.  Trial counsel also devoted ample attention in his closing argument to reasons why the jury should not have believed Dalmau, referring extensively to Dalmau's past and his incentives to cooperate.  (Tr. at 786-97.)  The mere fact that the jury did not ultimately find in favor of Petitioner does not indicate that counsel's actions fell outside of the wide range of professionally reasonable assistance.  See Dean v. Superintendent, No. 90-CV-937H, 1995 WL 818660, *5 (W.D.N.Y. May 18, 1995) ("The fact that the jury did not find the cross-examination to be effective does not warrant a claim of ineffective assistance of counsel."). Trial counsel's cross-examination was entirely appropriate given the Government's reliance on Dalmau's testimony, it adequately addressed Dalmau's credibility, and nothing from the Court's own observation of the cross-examination suggests that its execution was not objectively reasonable.  Trial counsel's cross-examination of Dalmau was within the wide range of reasonable professional conduct in both substance and performance, and it did not deprive Petitioner of the effective assistance of counsel.

       Petitioner complains that trial counsel failed successfully to demonstrate to the jury that the telephone recordings with Dalmau did not involve Petitioner, and notes, arguing that counsel failed to highlight discrepancies between the telephone number listed in the records of the calls in question and Petitioner's actual home telephone number at the time.  Trial counsel did in fact strenuously argue that the voice on the recorded call was not Petitioner's, including by specifically pointing out the discrepancy between the telephone number listed and Petitioner's actual home telephone number at the time of the call.  (Tr. 798-804.)  Petitioner cannot raise a

viable ineffective assistance claim simply because the jury chose not to view the evidence in the manner in which trial counsel advocated.  Trial counsel competently proffered evidence highlighting the discrepancy, this line of defense was entirely reasonable given the Government's reliance on the telephone transcripts, and there is nothing in the record or in the Court's observation to suggest that counsel's performance was not reasonable.  Therefore, trial counsel did not render ineffective assistance in connection with the telephone number discrepancy issue.

        Petitioner's related arguments that appellate counsel was ineffective for failing to press the aforementioned issues are similarly unfounded.  Appellate counsel focused primarily on Petitioner's competency to stand trial and the Court's denial of Petitioner's motion to suppress his proffer statements.  These issues were heavily litigated over the course of several pre-trial conferences and evidentiary hearings, and the rulings on these issues had a significant or dispositive impact on the subsequent trial.  Moreover, the matters that Petitioner contends should have been pursued on appeal relate to trial strategies, which are "virtually unchallengeable" in an ineffective assistance claim, <u>Strickland</u>, 466 U.S. at 691, and Petitioner's claims also appear to rest essentially upon frustration with the jury's factual determinations.  He proffers nothing that would suggest that trial counsel's performance was anything less than adequate.  For all these reasons, appellate counsel's failure to raise the issues Petitioner identifies did not fall outside the range of professionally competent assistance and, accordingly, Petitioner's argument that appellate counsel was ineffective for failing to raise the aforementioned issues on appeal is rejected.

*Prosecutorial vindictiveness*

Petitioner argues that he was deprived of due process of law because the Government's conduct in filing a prior felony information and a superseding indictment after Petitioner refused to sign a proposed plea agreement was "vindictive per se." Because Petitioner's prosecutorial vindictiveness claim was not raised on direct appeal, it is procedurally barred from collateral review unless Petitioner can establish cause and prejudice or actual innocence. Petitioner also argues that he was deprived of the effective assistance of appellate counsel when appellate counsel failed to raise this issue on direct appeal. The Court construes Petitioner's claim of ineffective assistance of appellate counsel as Petitioner's attempt to establish cause for the procedural default of his prosecutorial vindictiveness claim, as well as an independent claim of ineffective assistance. See Sapia v. United States, 433 F.3d 212, 217-18 (2d Cir. 2005) (ineffective assistance establishes cause for failing to raise issue on direct appeal).

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" United States v. Goodwin, 457 U.S. 368, 372 (1982) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)). "A vindictive motive for a prosecution will be found where there is direct evidence of actual vindictiveness, or a rebuttable presumption of a vindictive motive may arise under certain circumstances." United States v. Koh, 199 F.3d 632, 639 (2d Cir. 1999). The Supreme Court has established clearly, however, that no rebuttable presumption arises from the Government's pre-trial decision to modify the charges against a defendant after the defendant refuses a plea offer. See Goodwin, 457 U.S. at 380-82. Therefore, the challenged actions were not "per se" vindictive, nor does a rebuttable presumption arise in this case, and Petitioner can only maintain a prosecutorial vindictiveness

claim by proffering direct evidence of actual vindictiveness.  See Koh, 199 F.3d at 639-40.

In order to demonstrate actual vindictiveness, Petitioner must show that "(1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) he would not have been prosecuted except for the animus." Koh, 199 F.3d at 640 (citation and quotation omitted).  Petitioner relies solely on the fact that the Government filed a prior felony information and a superseding indictment with enhanced charges after Petitioner refused the Government's plea offer in support of his claim.  He proffers no additional allegation or direct evidence of actual animus.  Because Petitioner has proffered no evidence whatsoever of prosecutorial vindictiveness beyond the mere fact that the Government filed enhanced charges following the rejection of a plea offer, which is entirely consistent with due process under clearly established authority,[5] it was not at all unreasonable for appellate counsel to forgo raising such an argument on appeal and Plaintiff's underlying ineffective assistance of appellate counsel grounds for relief is, accordingly, rejected.  Petitioner is thus unable to establish cause for his failure to raise the prosecutorial vindictiveness claim on direct appeal and, because actual innocence has not been shown, Petitioner's independent claim of prosecutorial vindictiveness is precluded from habeas review.  However, even if the Court were to review the merits of Petitioner's prosecutorial vindictiveness claim as a ground for habeas relief, the claim would still fail for the reasons articulated above.  Lastly, to the extent Petitioner argues that he was rendered ineffective

---

[5]  See generally Goodwin, 457 U.S. at 378 ("the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause") (citing Bordenkircher, 434 U.S. at 365).

assistance of trial counsel because of trial counsel's failure to raise the prosecutorial vindictiveness claim before this Court, such an argument would also be unavailing for the foregoing reasons.

*Remaining grounds for relief*

In setting forth his remaining grounds for relief, Petitioner presents his own version of the underlying facts surrounding and leading up to his arrest, alleging, inter alia, that the individuals with whom he made transactions resulting in his arrest were actually Government cooperators, and that his arrest was the result of a set-up between Government agents unable to reach certain suppliers and needing an easier target and Government cooperators seeking to induce Petitioner into guilty conduct in order to receive reduced sentences. Petitioner asserts on the basis of these alleged facts that he was the victim of entrapment and also that his conviction for conspiracy was improper because the conspiracy that he allegedly formed was with Government cooperators. Accordingly, Petitioner requests "an evidentiary hearing" in which he may advance these theories of innocence.[6]

No habeas relief is warranted on these grounds because none of these arguments implicate the sole grounds for which habeas relief is warranted under 28 U.S.C. § 2255, namely

---

[6] This aspect of the petition appears to be, in essence, a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Because there is no allegation that these factual contentions are based on newly discovered evidence, however, to the extent Petitioner makes such a motion, the motion is denied as untimely. See Fed. R. Crim. P. 33. Nor has Petitioner demonstrated the existence of any manifest injustice or fundamental procedural defect that would warrant the granting of a new trial even were such a motion timely made. See United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992) (quotation marks and citation omitted).

that 1) the petitioner's sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. Petitioner's arguments could be rejected on this basis alone.

However, even if these arguments qualified under one or more of the enumerated grounds for relief under § 2255, Petitioner has failed to provide any explanation of cause for his failure to raise these arguments on direct appeal. To the extent that Petitioner argues, as an explanation for cause or as an independent ground for relief, that trial or appellate counsel rendered constitutionally ineffective assistance in failing to press these claims, his arguments are unavailing.

"To make out a defense of entrapment, a defendant must first prove government inducement by a preponderance of the evidence. The burden then shifts to the government to show that the defendant was predisposed to commit the crime beyond a reasonable doubt." See United States v. Al-Moayad, 545 F.3d 139, 153 (2d Cir. 2008). Petitioner points to nothing except his own conclusory speculations about the cooperator status of his co-conspirators to demonstrate government inducement, and Petitioner identifies no obvious weakness in the Government's evidence that would undermine an inference that Petitioner was predisposed to enter into the agreements for which he was convicted. Nothing in the record suggests that it was objectively unreasonable for a trial counsel to decline to pursue this defense. Therefore, trial counsel was not constitutionally ineffective for failing to pursue an entrapment defense, and appellate counsel did not act unreasonably in failing to raise the issue on appeal.

Petitioner also points to no evidence beyond his own conclusory statements that

would support a finding that the relevant co-conspirators were cooperators at the time a conspiracy was formed.  Moreover, the Court explicitly instructed the jury, in explaining the elements of conspiracy, "It is not sufficient that the unlawful agreement be between only the defendant and a person who was acting on behalf of the government at the time the defendant entered into the unlawful agreement with him."  (Tr. at 874-75.)  Therefore, the jury considered the rule, trial counsel cannot be faulted for failing to ensure that jurors were instructed about that rule, and Petitioner provides no basis for concluding that counsel acted unreasonably by failing to explicitly argue a theory for which Petitioner proffers no factual basis.  For these reasons, neither trial nor appellate counsel acted unreasonably in failing to argue the issue at their respective stages of litigation.

> For these reasons, Petitioner has not established cause for his failure to pursue these issues on direct appeal, nor has Petitioner demonstrated actual innocence and, therefore, Petitioner's claims regarding entrapment and the purported cooperator-status of his alleged co-conspirators are procedurally barred from consideration on habeas review.  Moreover, even if the Court were able to consider those claims on the merits, the Court would reject Petitioner's request to retry his case for the reasons discussed above.

## CONCLUSION

For the foregoing reasons, Petitioner has advanced no arguments warranting an evidentiary hearing and his petition for relief pursuant to 28 U.S.C. § 2255 is denied.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is respectfully requested to terminate Docket Entry Nos. 2 and 4 of Civil Action No. 08 Civ. 2549, enter judgment denying the petition and close this case.

SO ORDERED.

Dated:   New York, New York
         January 21, 2009

LAURA TAYLOR SWAIN
United States District Judge