UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JUAN AVENDANO

        Petitioner

  -v-                                       No. 02CR1059-LTS

UNITED STATES OF AMERICA,

        Respondent.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

On April 9, 2013, Juan Avendano ("Petitioner") filed a petition for writ of <u>audita querela</u> pursuant to 28 U.S.C. section 1651(a) (the "All Writs Act") seeking reversal of his conviction or, in the alternative, a reduction of his sentence.

The Court has thoroughly considered the parties' submissions as well as the trial and appellate record, familiarity with which is presumed. For the following reasons, the petition is denied in its entirety.

On December 16, 2004, Petitioner was convicted, following a jury trial, of conspiracy to distribute cocaine and heroin. On January 13, 2006, Petitioner was sentenced to 240 months of imprisonment followed by ten years of supervised release. Petitioner appealed the judgment, and it was affirmed by the Second Circuit on February 16, 2007. On January 28, 2008, Petitioner filed a motion for relief pursuant to 28 U.S.C. section 2255 (the "2255 Motion"). Petitioner's 2255 Motion was denied on January 21, 2009, for failure to state an ineffective assistance of counsel claim, and his remaining claims were dismissed as procedurally barred. (Docket entry no. 133.) The Court ordered that a certificate of appealability not be issued. (<u>Id.</u>)

Petitioner filed a motion for relief from the January 21, 2009, order denying his

2255 Motion, pursuant to Federal Rule of Civil Procedure Rule 60(b) (the "Rule 60(b) Motion").

The Court denied the Rule 60(b) Motion on July 6, 2010, because Petitioner had failed to show that

the Court had committed any error in deciding his 2255 Motion and had also failed to show

"extraordinary circumstances" warranting any relief from the January 21, 2009, order.  (Docket

entry No. 135.)  On July 26, 2010, Petitioner appealed the denial of his Rule 60(b) Motion.  The

Court denied issuance of a certificate of appealability on September 10, 2010, because Petitioner

had not made a substantial showing of a denial of a constitutional right.  (Docket Entry No. 136.)

Petitioner did not pay the filing fee to proceed with his appeal to the Second Circuit of the denial of

the Rule 60(b) Motion, and he was denied permission to proceed in forma pauperis on appeal on

November 11, 2012.

On April 9, 2013, Petitioner filed the instant petition for a writ of audita querela.  In

his petition, Petitioner argues that he could not have entered into a conspiracy with an informant

acting in the capacity of a government agent, that the Court committed plain error in denying him a

competency hearing, that he received ineffective assistance of counsel during his pretrial proffer

session with the government or was constructively denied effective assistance of counsel, and that

the court improperly excluded exculpatory evidence - his voice exemplar - from the

"consciousness of guilt" hearing and jury instruction.

A prisoner in custody claiming a right to be released upon a violation of the

Constitution may file one motion attacking his conviction and sentence, pursuant to 28 U.S.C.

section 2255, freely.  Subsequent such motions:

> must be certified as provided in section 2244 by a panel of the
> appropriate court of appeals to contain - (1) newly discovered evidence,
> that if proven and viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing evidence, that no
> reasonable factfinder would have found the movant guilty of the
> offense; or (2) a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously
unavailable.

28 U.S.C.S. § 2255(h) (LexisNexis 2012).  Section 2244 provides that a district court may not consider a second or successive 2255 Motion unless a petitioner has obtained an order from the circuit court of appeals authorizing such motion.  28 U.S.C.S. § 2244(b)(3)(B) (LexisNexis 2012).  Petitioner has not obtained an authorization order from the Court of Appeals for the Second Circuit.  The district court is generally without jurisdiction to address a petition if it is a second or successive motion pursuant to section 2255, and it must "transfer a second or successive [motion under section 2255] to the Second Circuit if it is in the interests of justice."  Castellano v. United States, 967 F. Supp. 2d 768, 769 (S.D.N.Y. 2013).  However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out.  See id. at 771 (citing Terrence v. Artus, No. 05CV5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005)); Powell v. United States, 95CR08-A, 2014 WL 2047884, at *3 (W.D.N.Y. May 19, 2014).

Petitioners may not circumvent section 2255(h) by re-labeling their section 2255 motions.  See Mora v. U.S., No. 11 CV561, 2011 WL 891440, at *2 (E.D.N.Y. Mar. 10, 2011) (holding that the petitioner could not seek coram nobis relief under the All Writs Act as a means to circumvent the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).  Here, Petitioner purports to seek a writ of audita querela.  The writ of audita querela has been abolished for civil cases, but exists in limited circumstances for criminal convictions.  U.S. v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).  "[I]t is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another conviction remedy."  Id. (internal quotation marks omitted).  The writ of audita querela is an extraordinary remedy and is generally available only where "the absence of any avenue of collateral

attack would raise serious constitutional questions."  Id.  Although the writ of  audita  querela  may be

granted to fill a gap in the current system of post-conviction relief, the writ of  audita  querela  is not

available to further challenge or review a conviction or sentence if the petitioner's claims could have

been raised in a section 2255 motion.  Persico v. U.S., 418 Fed. App'x 24, 25-26 (2d Cir. 2011); U.S. v.

Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).  A court may not grant a writ of  audita  querela

to revive claims that would be barred as successive.  Id. at 26 ("The fact that the limitations period under

AEDPA, bars appellant from obtaining relief on his claims in a § 2255 motion is insufficient to render

§ 2255 an 'inadequate or ineffective' remedy.") (internal citation omitted).

Each of Petitioner's claims fails because it either was or could have been brought in his

earlier 2255 Motion, such that the instant petition constitutes a successive motion under section 2255.

Petitioner does not demonstrate that he was without an avenue of judicial review for his claims.  See

Persico, 418 Fed. App'x at 25 (denying petition for writ of  audita  querela  where arguments clearly fell

within scope of section 2255).

In his petition for a writ of  audita  querela.  Petitioner claims that "the evidence was

insufficient to support a conviction for conspiracy when the only co-conspirator was an indirect

government agent."  (Docket entry no. 140 at pg. 10.)  In his earlier 2255 Motion, which was denied,

Petitioner similarly argued that he "could not have been guilty of conspiracy because the persons with

whom he formed agreements were cooperating with the Government at all relevant times."  Avendano

v. U.S., No 08CV2549, 2009 WL 137035, at *6 (S.D.N.Y. Jan. 21, 2009).

Petitioner also alleges in his petition that he was denied effective assistance of counsel

during his proffer session with the government prior to the trial of his underlying criminal case.

Specifically, Petitioner alleges that, when he signed the proffer agreement in which when he waived his

right against self-incrimination under the Fifth Amendment to the Constitution, his "lawyer advised him

not to concern himself, because the proffer session 'would provide him an opportunity to talk to the

government without having to worry that my statements could be used against me.'" (Docket entry no. 140 at 14.) During his underlying criminal case, Petitioner moved to suppress the statement he made in connection with the proffer session, based on substantially the same facts and legal arguments he proffers in support of his instant petition.  See U.S. v. Avendano, No. 02CR1059, 2003 WL 22454664, at *1 (S.D.N.Y. Oct 29, 2003).  Despite Petitioner's claim that his attorney provided a faulty explanation leading "Avendano to understand that the proffer sessions were a chance to talk to the Government 'without having to worry that [his] statements could be used against him,'" id. at *7-8, the Court found that Petitioner had knowingly and voluntarily signed the agreement and waived his rights.  Id. at *6. Petitioner has proffered no evidence to justify his delay in filing a collateral attack based on ineffective assistance of counsel during his proffer session, and he had knowledge at the time of his 2255 Motion of all the facts he now alleges.

Petitioner also argues that the Court erred when it denied his request for a competency hearing.  Petitioner appealed his conviction on these grounds, and the Second Circuit upheld this Court's decision to deny the competency hearing.  U.S. v. Avendano, 211 Fed. App'x 76, 78 (2d Cir. 2007). Petitioner has failed to allege any justification for his failure to raise this claim in his earlier 2255 Motion.

Petitioner's final claim is that the Court improperly precluded of evidence of his willingness to provide a voice exemplar.  (Docket Entry No. 140 at 16-17.)  The Second Circuit affirmed this Court's decision to preclude evidence of Petitioner's willingness to provide a voice exemplar.  U.S. v. Avendano, 211 Fed. App'x 76, 79 (2d Cir. 2007).  Petitioner proffers no justification as to why he failed to challenge this determination in his 2255 Motion.  Petitioner's claim of improper suppression of the evidence is also barred as a successive motion pursuant to section 2255.

Finally, Petitioner has not demonstrated an entitlement to have his petition transferred

to the Second Circuit because it is wholly without merit.  See Castellano, 967 F. Supp. 2d at 771.

CONCLUSION

For the foregoing reasons, the petition for relief from Petitioner's conviction, pursuant to the All Writs Act, is denied insofar as it is denominated as a petition for audita quarela, and is dismissed as a meritless second or successive motion pursuant to 28 U.S.C. § 2255.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This Order resolves docket entry no. 145.

SO ORDERED.

Dated: New York, New York
        December 19, 2014

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    United States District Judge

Copy mailed to:
Juan Avendano
Reg. # 52438-054
P.O. Drawer 30
McRae, GA 31055-0030